# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2018

Lyle W. Cayce
Clerk

No. 17-30820
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUSTIN LANDRY,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-80-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Justin Landry appeals his conditional guilty-plea conviction for distributing and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (a)(5)(B), claiming the district court erred by denying his motion to suppress evidence of his offenses. According to Landry, the Government was required to prove he did not have a reasonable expectation of privacy in the location of digital images accessed, without a warrant, by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

investigators on his home computer.  In that regard, he alleges investigators accessed private files that were not made available in the shared folder of his peer-to-peer sharing network.

The Fourth Amendment applies only if defendant had a "legitimate expectation of privacy" in the area searched.  *Byrd v. United States*, 138 S. Ct. 1518, 1526 (2018).  Accordingly, Landry must have had both a subjective expectation of privacy and an objectively reasonable one.  *United States v. Cardoza-Hinojosa*, 140 F.3d 610, 614 (5th Cir. 1998).  Whether an expectation of privacy was reasonable is reviewed *de novo*; findings of underlying facts, for clear error.  *Id.* at 613.

Contrary to Landry's assertion, he was required to show by a preponderance of the evidence that he had a reasonable expectation of privacy in the location of the files accessed by investigators.  *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated" (citation omitted)).  To the extent he relies on caselaw requiring the Government to prove an exception to the warrant requirement, that reliance is misplaced.  Only after it is determined that defendant had a reasonable expectation of privacy implicating the Fourth Amendment do we consider whether such an exception applied.  *E.g.*, *id.* at 462–63 (considering first, the availability of Fourth Amendment claim, then whether the consent exception applied).

There is no reasonable expectation of privacy with respect to IP addresses, or images and information made publicly available in a shared folder on a peer-to-peer network.  *United States v. Weast*, 811 F.3d 743, 747–48 (5th Cir. 2016).  Although Landry alleged that investigators accessed private files that were not in his shared folder, he did not offer any evidence to

No. 17-30820

support that claim.  Moreover, the Government's expert witness testified that the software used by investigators in accessing the images was incapable of accessing files not made available for sharing.  Accordingly, the district court did not err in concluding that Landry failed to establish a Fourth Amendment violation.  *E.g., Iraheta*, 764 F.3d at 461; *Cardoza-Hinojosa*, 140 F.3d at 613–14.

AFFIRMED.